IN THE MATTER OF THE APPLICATION OF THE CORTLAND AND HOMER HORSE RAILROAD COMPANY FOR THE APPOINTMENT OF COMMISSIONERS TO SETTLE THE POINTS AND MANNER OF CROSSING THE TRACKS OF THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, AND OF THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

*Street railroads — consent of the abutting property owners to its construction — requisites of such consent — Constitution, art. 3, sec. 18.*

Section 18 of article 3 of the Constitution prohibiting the construction or opera tion of any street railroad, " except upon the condition that the consent of the owners of one-half in value of the property bounded on　*　*　*　that portion of a street or highway upon which it is proposed to construct or operate such railroad-be first obtained," does not require that the consent of the property owners should be under seal, or that it should convey to the company any interest which the abutting owners may have in the street or highway, or that it should release the company from all liability for any damages which the owners may sustain by reason of the construction or operation of the road.

APPEAL from an order made at a Special Term appointing commissioners to fix the points and manner in which the Cortland and Homer Horse Railroad Company should be allowed to cross the tracks of the Syracuse, Binghamton and New York Railroad Company, and the Delaware, Lackawanna and Western Railroad Company, and the amount of compensation to be paid by the petitioners.

*Louis Marshall*, for the Syracuse, Binghamton and New York Railroad Company and Delaware, Lackawana and Western Railroad Company, appellants.

*Duel & Benedict*, for the Cortland and Homer Horse Railroad Company, respondent.

LEARNED, P. J.:

An examination of the evidence satisfies us that the learned justice was right in holding that there had been a failure to agree in reference to the proposed crossing. It cannot be necessary to refer to the evidence in detail.

Nor do we think the point well taken that the negotiations with Mr. Sloan and Mr. Niver were insufficient, and that an express vote of the board of directors was necessary to show that there could be no agreement. The decision cited by counsel in *Howlett* v. *New York, West Shore and Buffalo Railroad Company* (36 Sup. Ct. N. Y. [28 Hun], 55, not reported there), does not apply. The powers of a receiver are special, and he is the mere officer of the court. We need not examine very carefully what the books may have said about the powers of railroad presidents. The present question is simply practical. And no one can doubt that if Mr. Sloan, the president, refused to agree on a crossing, that was the end of the matter, so far as his company was concerned.

Next, the objection to the map filed by the petitioner seems to have no weight, so far as we can judge by the statement. The map is not returned, and we do not know what it contained.

Again, it is claimed that the petition is insufficient:

1. That there is not a sufficient description of the crossing. But the highway on which the petitioners desire to build their road is plainly specified, and the place where the railroad company's track crosses it. There can be no difficulty in identifying the place.

2. That the notice given by the petitioner, under section 22 of the General Railroad Act, is insufficient. The alleged insufficiency is that the notice served is not by the company, but is signed, " James M. Milne, Secretary of the Cortland and Homer Horse Railroad Company." It is claimed that this is a notice by Milne personally. The notice is sufficient.

3. The remaining point is probably the most important. Section 18, article 3 of the Constitution, forbids the construction of a street railroad, except on condition that the consent of the owners of one-half in value of the property bounded on it be obtained; or that the Supreme Court determine that the railroad ought to be constructed. The petitioners have obtained the consents of the proper number; but the consents are not under seal. The appellants insist that the consents required by the constitution must be such as convey to the railroad an interest in the street; something which cannot be revoked; and that unless under seal, the consent is a mere license. ( *Wiseman* v. *Lucksinger*, 84 N. Y., 31.)

Now, in the present case, the paper signed by the owners, in

addition to a consent to the construction of the railroad, contains a release of the abutting owners of all right and interest necessary, and a waiver of claims which they might have had. But we do not understand this to be necessary under the constitution. The consent there provided for does not necessarily include a release of damages. It is a mere consent to the construction. This appears from the rest of the section which provides that, if the consent of the owners cannot be obtained, the Supreme Court by commissioners may determine whether the railroad ought to be constructed, and the determination may be taken in lieu of the consent of the property owners. Now there is nothing which authorizes the court or the commissioners in this proceeding, to assess damages, or to acquire rights of the owners. They are merely to determine as to the necessity of the road — "whether the road ought to be constructed." And as this determination stands in lieu of the consent of the owners, it follows that the consent of the owners only determines whether the road ought to be constructed. The consent is to be obtained in order that useless and improper roads shall not be put into operation. What rights the owners may have for compensation when the road is laid presents another question. We do not think it necessary to discuss that question after the decision, so difficult to arrive at, in *Story* v. *New York Elevated Railroad* (90 N. Y., 122). All that we need to say is, that we do not understand that the consent required by the constitution, any more than the determination of commissioners therein provided requires necessarily a release of the owner's rights to compensation, if their fee or their easement is injured by the railroad. We think that it is not necessary that the consent should convey to the railroad company an interest in the street. And we think the consents unsealed were sufficient.

The order is affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Order affirmed, with costs.